**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **QUINTESSA HUEY, et al.** | **CIVIL ACTION** |
| **versus** | **No. 07-1169** |
| **SUPER FRESH/SAV-A-CENTER, INC., et al** | **SECTION: "I"/2** |

## ORDER AND REASONS

Before the Court is a renewed motion[1] for judgment as a matter of law under Rule 50(b) filed by Great Atlantic and Pacific Tea Company, Inc. and Super-Fresh/Sav-A-Center, Inc. (collectively "A&P").

A&P seeks judgment as a matter of law on the grounds that (1) plaintiffs failed to submit evidence that A&P abused its rights, (2) plaintiffs' negligent misrepresentation claims lacked evidentiary support, and (3) plaintiffs failed to prove damages related to their abuse of rights and negligent misrepresentation claims. A&P also moves this Court to enter judgment as a matter of law with respect to its counterclaim for reimbursement of rents.

Following a nearly two-week trial of this matter, both the Court and the parties are familiar with the factual background of this case.

## LAW AND ANALYSIS

---

[1] R. Doc. No. 629.

1

**I. STANDARD OF LAW**

Under Rule 50(a) of the Federal Rules of Civil Procedure, a U.S. District Court may enter judgment as a matter of law if there is no "legally sufficient evidentiary basis to find for the party" on a particular issue. Fed. R. Civ. P. 50(a); *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 572 (5th Cir. 2002). In the event that the court submits the issue to the jury, a party may renew its motion for judgment as a matter of law within ten days after the entry of judgment. Fed. R. Civ. P. 50(b).

A Rule 50 motion for judgment as a matter of law may only be granted if:

> the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict....On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury.

*Nichols v. Lewis Grocer*, 138 F.3d 563, 565 (5th Cir. 1998)(quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969)(en banc), overruled on other grounds, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997))(en banc)). "A jury verdict thus survives a motion for judgment as a matter of law only if there exists a

2

conflict in substantial evidence."[2] *Id.*

In resolving a Rule 50 motion, a court must review the entire record and "'draw[] all reasonable inferences in favor the nonmoving party'" without making credibility determinations or weighing the evidence. *Perez v. Tex. Dept. Of Criminal Justice Institutional Div.*, 395 F.3d 206, 215 (5th Cir. 2004)(quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135, 120 S. Ct. 2097, 147 L. Ed. 2d 105(2000)); *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Coffel*, 284 F.3d at 631 (quoting *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001)). The court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*

## II. **DISCUSSION**

A&P first contends that plaintiffs failed to present evidence that A&P abused its rights. As stated by the Court in its jury charges, the abuse of rights doctrine is applicable in limited circumstances because it "renders unenforceable one's otherwise judicially protected rights." *Truschinger v. Pak*, 513 So. 2d 1151,

---

[2] Evidence is substantial if it meets the standard set forth in *Boening*, that is, the evidence is "'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions' regarding the case's outcome." *Newsome v. Collin County Comm. College*, 189 Fed. App'x 353355 (5th Cir. 2006)(quoting *Boeing*, 411 F.2d at 374).

3

1154 (La. 1987). The abuse of rights doctrine, as set forth by the Louisiana Supreme Court, may be applicable when **one** of the following conditions has been met: "(1) if the predominant motive for it was to cause harm; (2) if there was no serious or legitimate motive [for exercising the right]; (3) if the exercise of the right...is against moral rules, good faith, or elementary fairness; (4) if the right...is exercised for a purpose other than that for which it is granted." *Id.; see also Coleman v. Sch. Bd of Richland Parish*, 418 F.3d 511, 524 (5th Cir. 2005).

The Court cannot conclude that there was insufficient evidence for a jury to find an abuse of rights in light of well-settled authority that the doctrine is applicable if one of the above-mentioned conditions is met. Additionally, the jurisprudence does not require that the plaintiffs prove that A&P had intent to harm plaintiffs. *See Coleman*, 418 F.3d at 525. Therefore, even if A&P had acquired the legal right to terminate the lease for plaintiffs' failure to rebuild the store, there was sufficient evidence for the jury to reasonably find that A&P exercised its right for a purpose other than that for which it was granted.[3]

The Court also cannot conclude that there was no evidentiary support for the jury's finding that A&P was liable for negligent

---

[3] Plaintiffs submitted evidence that A&P had been losing money on the Chalmette, Louisiana supermarket it had leased from plaintiffs and that A&P representatives had considered terminating the lease as early as September, 2005, well before the expiration of the period for plaintiffs to make repairs. HF Exhibits 28-30.

misrepresentation. A&P argues that there is no fiduciary or confidential relationship between A&P and plaintiffs that would give rise to a duty. The Court addressed the absence of such relationship in a July 20, 2009 order, stating that there was no special relationship between the parties that imposed a duty to disclose and that the Court would instruct the jury that A&P did not have a duty to disclose to plaintiffs.[4] Accordingly, the Court instructed the jury that A&P did not have an affirmative duty to disclose, but that "you must determine whether A&P assumed a duty by volunteering information."[5]

Additionally, the jury's verdict is not without evidentiary support in light of evidence concerning an A&P representative's statements to plaintiffs about A&P's submission of a consolidated insurance claim.[6] Plaintiff, Quintessa Huey, also testified that the representative informed her that A&P had its own timeline for repairs and that A&P would not wait for an insurance company before making repairs.[7] The Court cannot make a credibility determination or weigh the evidence to assess whether any reliance by plaintiffs was reasonable.

A&P also contends that plaintiffs did not prove that they

---

[4] Rec. Doc. No. 601.

[5] Rec. Doc. No. 613-6, p. 20 (citing *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 418 (5th Cir. 2008)).

[6] Rec. Doc. No. 669-4, pp. 10-11, 14-16; HF Exhibit 80.

[7] *Id.* at pp. 12-16.

sustained any damages as a result of a negligent misrepresentation or an abuse of rights because plaintiffs sought the same damages that they sought in connection with their contractual breach of lease claim. Plaintiffs did indeed claim that they had lost rent, insurance premiums and real estate taxes as a result of A&P's abuse of rights and negligent misrepresentations just as plaintiffs asserted in connection with their claim that A&P breached the lease agreement.

The fact that plaintiffs sought the same damages under different theories does not lead the Court to conclude that the jury awarded *contractual* damages to plaintiffs. A&P is correct that the jury rejected plaintiffs' claim that A&P breached the lease. However, a reasonable jury could have found that plaintiffs sustained compensatory damages in the form of lost rent, insurance premiums and property taxes as a result of A&P's tortious conduct, particularly if the jury found abuse of rights based on A&P's termination of the lease agreement.[8]

With respect to plaintiffs' negligent misrepresentation claim, A&P contends that the timing of the alleged misrepresentations in March, 2006 and May, 2006 demonstrates that they were not the cause of plaintiffs' injuries. A&P argues that even if an A&P representative misrepresented that A&P would make repairs to the

---

[8] Plaintiffs also sought forbearance fees and other payments that they made to their mortgagee as damages.

building, the alleged misrepresentation occurred in May, 2006, which was after the time that plaintiffs should have repaired the store pursuant to their obligations under the lease. A&P also asserts that even if A&P misrepresented that it was filing an insurance claim on behalf of plaintiffs, the statement would have occurred on March 27, 2006 and plaintiffs obtained insurance payments from two of the insurers by June, 2008.[9]

This Court cannot speculate as to how the jury determined plaintiffs' damages. Nonetheless, the dates of the alleged misrepresentations do not necessarily cause this Court to conclude that a reasonable jury could not have found that plaintiffs sustained damages as the evidence presented to the jury indicated that both alleged misrepresentations occurred before A&P terminated the lease agreement in September, 2006 and before A&P made its final rent payment in October, 2006. Even if plaintiffs' had an obligation to restore the building by the time of the alleged May, 2006 misrepresentation, A&P had not yet terminated the lease and stopped paying rents to plaintiffs. Therefore, the jury could have reasonably concluded that plaintiffs sustained lost rents, among other damages, as a result of a misrepresentation that A&P would make the repairs. With respect to the alleged March, 2006

---

[9] The Court recognizes that plaintiffs received a $1.2 million unconditional tender in October, 2007 before entering a settlement agreement in June, 2008.

misrepresentation, a reasonable jury could have agreed with plaintiffs' testimony that they needed the insurance money in order to rebuild the store.[10] The jury heard evidence that plaintiffs did not obtain any insurance money until October, 2007, a year after A&P had terminated the lease for plaintiffs' failure to restore the building and made its final rent payment.[11] The jury could have reasonably found that the alleged March, 2006 misrepresentation caused lost rent and other damages resulting from the lease termination.[12]

Finally, it is not appropriate for the Court to enter judgment as a matter of law on A&P's counterclaim in light of the jury's finding that A&P was not entitled to reimbursement of rent and other charges.[13] It was the jury's function, not the Court's, to weigh the evidence. The jury heard evidence regarding the abatement provisions in the lease agreement and that A&P had paid rent for more than a year after Hurricane Katrina damaged the supermarket building. A&P cites the testimony of A&P's real estate representative to show that A&P expected plaintiffs to reimburse

---

[10] July 13, 2009 Transcript of Direct Examination of Quintessa Huey (Daily Rough Draft) pp. 73, 97-98.
  A&P also presented evidence regarding plaintiffs' financial capacity.

[11] July 14, 2009 Transcript of Direct Examination of Quintessa Huey (Rough Draft), p. 31.

[12] Even if A&P is correct that plaintiffs could not have sustained damages from the alleged misrepresentations, the amount of damages is the same for plaintiffs' abuse of rights claim.

[13] Rec. Doc. No. 613-3, p. 7.

8

the rent payments once plaintiffs received insurance payments. However, there was adequate evidence for the jury to conclude otherwise, i.e, that A&P had waived its right to abatement by continuing to make rent payments.

For the foregoing reasons,

**IT IS ORDERED** that A&P's Rule 50(b) motion is **DENIED**.

New Orleans, Louisiana, November 13th, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**